539 F.2d 706
 76-2 USTC P 9477
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bennie Snyder and Bernice Snyder, Appellants
v.
United States of America, Appellee.
 No. 74-1759.
 United States Court of Appeals, Fourth Circuit.
 June 14, 1976.
 
 Before BOREMAN and BRYAN, Senior Circuit Judges, and BUTZNER, Circuit Judge.
 
 PER CURIAM
 
 1
 The appellant taxpayers, Bennie and Bernice Snyder, initiated this action in the district court seeking refund of income taxes which they contend were improperly assessed upon their joint returns for the tax years 1955, 1957, 1959-1962 and 1965. Jurisdiction was alleged under 28 U.S.C. Sec. 1346(a)(1).[1] The Government filed an answer and subsequently moved for dismissal of three of the Snyders' claims for lack of jurisdiction over the subject matter and also for summary judgment on the remaining claims. After a hearing on the motions the district court dismissed the Snyders' claims for 1957, 1959 and 1965 for lack of jurisdiction and granted the Government's motion for summary judgment for the 1955 and 1960-1962 claims. The Snyders appeal the district court's judgment, asserting that the district court erred in granting the motions for dismissal and summary judgment and arguing that dismissal of their claims for the tax years 1957 and 1959 resulted in a denial of due process. We affirm the judgment of the district court.
 
 
 2
 The Snyders' principal point on appeal involves their refund claims for the years 1957 and 1959. The record indicates that the Internal Revenue Service previously assessed deficiencies for 1957 and 1959 which the Snyders refused to pay and later challenged in the Tax Court. Although the Tax Court, in 1967, sustained the deficiency assessments for 1957 and 1959, the Snyders failed to pay the assessments and, in 1972, filed the present action in the district court seeking refunds resulting from subsequent loss carrybacks which they contend will offset the previously assessed deficiencies. The district court dismissed the refund claims for 1957 and 1959 on the ground that Flora v. United States, 362 U.S. 145 (1960), requires the full payment of a tax assessment as a jurisdictional prerequisite to a refund suit initiated in the district court under 28 U.S.C. Sec. 1346(a)(1).
 
 
 3
 On appeal, the Snyders have attempted to distinguish Flora. Primarily, they contend that the jurisdictional restriction of Flora is limited to the case in which the complaint filed in the district court directly challenges the validity of the deficiency assessment itself, and assert that because their action for a refund is based upon subsequent loss carrybacks it does not directly challenge the validity of the prior assessments. We find this argument without merit. Although the Snyders are not challenging the assessments on the same grounds as those asserted in the Tax Court, they are nevertheless seeking refunds for years in which there are outstanding unpaid assessments. We conclude that this is exactly the situation which the Court intended to avoid in Flora when it held that "Sec. 1346(a)(1), correctly construed, requires full payment of an assessment before an income tax refund suit can be maintained in a Federal District Court." 362 U.S. at 177.
 
 
 4
 Further, in regard to their claims for 1957 and 1959, the Snyders argue that Flora should be distinguished from the present case because, if Flora is held to defeat jurisdiction, the taxpayers would be denied the opportunity to raise the loss carryback question prior to payment since their prior suit bars them from again seeking relief in the Tax Court. Thus, they contend that they would be deprived of property without being afforded an opportunity for a hearing and would be denied due process of law. The record, however, indicates that the Snyders were not prevented from asserting the loss carryback question in the Tax Court proceedings. Nevertheless, they did not raise the question in the Tax Court and have offered no evidence to explain or excuse their failure to do so. Under the circumstances we conclude that they were afforded an ample opportunity for a hearing and voluntarily waived it. It is clear that they are not entitled to additional opportunities to litigate this question prior to payment.
 
 
 5
 The district court dismissed the Snyders' 1965 claim for lack of jurisdiction over the subject matter. The record indicates that the taxpayers did not allege in their complaint that the request for a refund was timely made. The Government moved for dismissal and submitted an affidavit and exhibits which indicated that the taxpayers did not seek a refund for 1965 within the three years provided by 26 U.S.C. Sec. 6511(a) for filing such claims.[2] The Snyders offered no evidence to counter the Government's motion and the district court dismissed the claim. Since the district court was entitled to rely upon the uncontroverted evidence of lack of jurisdiction shown by the Government's affidavit, Land v. Dollar, 330 U.S. 731, 735 (1947), we conclude that there was ample evidence to sustain the district court's finding that it lacked jurisdiction over the 1965 claim.
 
 
 6
 The district court granted summary judgment in favor of the Government for the claims involving the tax years 1955 and 1960-1962. The record indicates that the Government filed an affidavit of government counsel to which was attached pertinent exhibits in support of its motion for summary judgment which showed that the refunds sought for those years previously had been either paid or credited. The Snyders, although accorded an opportunity, did not attempt to introduce counter affidavits or any evidence to controvert the Government's showing. Consequently, we hold that the motion for summary judgment was providently granted. Fed.R.Civ.P. 56.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 8
 Affirmed.
 
 
 
 [1]
 28 U.S.C. Sec. 1346(a)(1) provides:
 a The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
 (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;
 ...
 
 
 [2]
 26 U.S.C. Sec. 6511(a) provides, in pertinent part:
 (a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.